IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      Case Nos.:        1:94cr1055/MW/GRJ
                                                          1:17cv193/MW/GRJ

DOUGLAS A. FLYNN,

     Petitioner.

---

## AMENDED[1]  REPORT AND RECOMMENDATION

     Petitioner Douglas A. Flynn has filed a motion to vacate, set aside, or

correct sentence under 28 U.S.C. § 2255 and an attached memorandum in

support.   (ECF No. 80.)   Petitioner did not provide a service copy of his

motion.   However, Rule 4(b) of these rules provides in part that "[i]f it

plainly appears from the motion, any attached exhibits, and the record of

prior proceedings that the moving party is not entitled to relief, the judge

must dismiss the motion and direct the clerk to notify the moving party."

---

1 The report and recommendation was amended only to change the date referenced on
page 3 as the deadline to file a 2255 motion from 1996 to 1997 and to change eleven
years to twenty years as the period of time between the deadline to file a 2255 motion
and date the motion was filed.

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

After a review of the record, the Court concludes that the motion is untimely and that it should be dismissed.

## BACKGROUND and ANALYSIS

In February of 1995, a jury convicted Petitioner of escape in violation of 18 U.S.C. § 751(a) and bank robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 40.)   He was classified as a career criminal in his Presentence Investigation Report ("PSR") because the instant bank robbery was a felony crime of violence and because he had at least two other prior convictions for crimes of violence, although the qualifying convictions were not specifically enumerated in the paragraph identifying him as such. (ECF No. 77, PSR ¶ 37.)[2]   Petitioner was sentenced to 60 months' imprisonment on the escape and to 240 months' imprisonment on the bank robbery, to be served concurrently, followed by three (3) years of supervised release.   (ECF No. 53.)   Petitioner appealed, and on February

---

[2] The court notes that the PSR contains several prior convictions for crimes of violence, including a 1993 Tennessee conviction for armed bank robbery, and a 1993 Florida conviction for armed bank robbery.   (*See* ECF No. 77, PSR ¶¶ 62, 63.)

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

1, 1996, Petitioner's convictions and sentences were affirmed on appeal without opinion. *United States v. Flynn*, 77 F.3d 497 (11th Cir. 1996). Petitioner did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (*i.e.*, ninety days after the entry of the court of appeals judgment). Thus, Petitioner had until May 1, 1997, to file a motion under § 2255. Petitioner did not file the instant § 2255 motion until twenty years later on July 25, 2017.[3] Therefore, his motion is facially untimely.

The court will address his motion to the extent necessary to explain why *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not make his

---

[3] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

motion timely. In his motion, Petitioner argues that the imposition of the career offender enhancement to his sentence violates due process because his convictions no longer qualify as crimes of violence after *Johnson*. In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's, ("ACCA") "residual clause" was unconstitutionally vague. Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

the enumerated offenses.    The Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.    *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Petitioner understands that he was sentenced as a career offender under the Sentencing Guidelines, not under the ACCA, but argues that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the Guidelines' definition of a "crime of violence."    *See* U.S.S.G. § 4B1.2(a).    Petitioner's claim, however, is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."    *Id*. at 892.    The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

enforcement." *Id.* at 894. *See also United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015) (holding that *Johnson* does not apply to the advisory Sentencing Guidelines and that the Guidelines are not subject to a similar vagueness challenge).

Petitioner does not address *Beckles* in his motion, but he contends that *Matchett* was wrongly decided. (ECF No. 80 at 29-31.) He also argues that at the time he was sentenced in 1995 the Guidelines were mandatory, so the rationale for not permitting vagueness challenges to the advisory Guidelines outlined in *Matchett* should not apply. (ECF No. 80 at 30-32.) Eleventh Circuit precedent forecloses this argument. *See In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (denying Griffin's application to file a successive § 2255 motion because he could not make a prima facie showing that *Johnson* applied to him in light of binding precedent that the Guidelines cannot be challenged as unconstitutionally vague). The *Griffin* panel explained:

> For the following reasons, the logic and principles established in [*United States v.*] *Matchett*, [802 F.3d 1185 (11th Cir. 2015)] also govern our panel as to Griffin's guidelines sentence when the Guidelines were mandatory.

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge. *Id.* at 1195. The limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. The Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. *Id.* at 1195–96. Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall.

Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines. The Constitution does not require sentencing guidelines in noncapital cases. *Id.* at 1194. Because there is no constitutional right to sentencing only under guidelines, the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. *Id.* at 1194–95. Before Congress enacted the Guidelines, the federal government had indeterminate sentencing. *Id.* at 1195. Even vague guidelines cabin discretion more than no guidelines at all.

*Griffin*, 823 F.3d at 1354-55. *See In re Anderson*, 829 F.3d 1290, 1292-94 (11th Cir. 2016) (noting that in light of the precedents in *Matchett* and *Griffin*, Anderson failed to make a prima facie showing that he is entitled to file a successive § 2255 motion); *In re Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016) ("[O]ur precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines."); *see also In re*

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

*Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016)(in which the panel disagreed with *Griffin*, but acknowledged that it was bound by its precedent in the context of mandatory Sentencing Guidelines). Petitioner acknowledges the *Griffin* decision, but argues that its precedential value is limited because it was decided in the context of an application to file a second or successive § 2255 motion. This court is unconvinced that *Griffin*, and the circuit court cases citing *Griffin*, are not binding on this court. Therefore, Petitioner's challenge to his career offender designation is foreclosed by *Griffin*.

## CONCLUSION

Because Petitioner's conviction became final many years ago and *Johnson* does not apply to his career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (ECF No. 80), should be **DISMISSED as untimely.**

2.    A certificate of appealability should be **DENIED**.

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ

**IN CHAMBERS** at Gainesville, Florida, this 17th day of August, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u>  **A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 1:94cr1055/MW/GRJ; 1:17cv193/MW/GRJ